Territorial Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILE

VINCENT T. AKIMOTO, M.D., )  Civil Case No. CV1011-02
                          )
            Plaintiff,    )
                          )
      vs.                 )
                          )
                          )  **DECISION AND ORDER**
                          )
CARL T.C. GUTIERREZ, in his personal)
capacity; THERESE M. HART; and JOHN)
DOES A-M,                 )
                          )
            Defendants.   )
_____)

## INTRODUCTION

This matter comes before the Court upon Defendant Carl T.C. Gutierrez's ("Mr. Gutierrez's") request for attorneys' fees. Mr. Gutierrez is represented by the Law Offices of Cunliffe and Cook ("C & C"), and by co-counsel, the Law Offices of Lujan Aguigui & Perez LLP ("LAP"). The Government of Guam ("Government") is represented by Marianne Woloschuk.

## BACKGROUND

Mr. Gutierrez was "exonerated of any wrongdoing" on March 3, 2011, and sought attorneys' fees. The Court ordered Mr. Gutierrez to submit his request of reasonable attorneys' fees and billing records under penalty of perjury. He timely submitted two declarations of fees relating to services provided by LAP and C & C. The Government timely submitted its Opposition.

This case was originally assigned to the Honorable Steven Unpingco ("Judge Unpingco"). On November 25, 2005, LAP associated with C & C to act as Mr. Gutierrez's co-counsel. Upon its appearance, LAP devoted itself to disqualifying Judge Unpingco. On December 7, 2005, LAP filed a motion to achieve that result. On December 22, 2005, the court dismissed the motion because it was not verified as required by 7 GCA §6107 and did not state sufficient facts under 7 GCA §6105 to warrant disqualification. On December 29, 2005, LAP filed an Erratum to correct the submission. On January 12, 2006, the court dismissed the Erratum as untimely and improperly served.

On February 1, 2006, LAP filed a second motion to disqualify, and on February 15, 2006, the Court denied that motion and filed a Submission of Questions for Certification to the Supreme Court. On May 31, 2006, the Supreme Court issued an Order holding that a judge may strike a statement of objection if it fails to procedurally comply with 7 G.CA. §6107 without the referring the matter to another judge. The Court further held that a judge may strike a statement of objection that is legally insufficient without referring such matter to a recusal judge.

On July 27, 2006, LAP filed its Petition for Writ of Prohibition and, or Writ of Mandamus and Supporting Memorandum of Points and Authorities in Supreme Court. LAP sought an order that the Superior Court stop scheduling any proceedings until the recusal judge ruled on the competency of the presiding judge or until the disqualification motion was transferred to another judge. On August 25, 2006, the Supreme Court issued *People v. Johnny*, 2006 Guam 10, which reiterated its Order of May 31, 2006. On September 14, 2006, the Supreme Court denied a stay of the Superior Court. On September 19, 2006, Judge Unpingco disqualified himself on a ground different than any alleged by LAP.

On April 22, 2009, Mr. Gutierrez filed a Memorandum of Law in Support of Motion to Dismiss for Failure to Prosecute. The court granted the motion on June 22, 2010. On December 7, 2010, Mr. Gutierrez submitted a proposed Judgment ordering Vincent T. Akimoto, M.D. ("Dr. Akimoto") to pay Mr. Gutierrez's reasonable attorneys' fees pursuant to 5 G.C.A. §7111. The Court then ordered Dr. Akimoto and Mr. Gutierrez to file memorandums on the issue by December 20, 2010.

The Court issued an order on January 3, 2011, stating that under 5 G.C.A. §7111, Dr. Akimoto was not responsible for Mr. Gutierrez's attorneys' fees and requested that the Government respond to Mr. Gutierrez's request for fees. The Order directed the Government to brief whether Mr. Gutierrez had been "exonerated of any wrongdoing." On February 4, 2011, the Government filed memorandum on the issue. Mr. Gutierrez filed a reply on February 21, 2011. The Court then issued its decision on March 3, 2011, determining that Mr. Gutierrez was "exonerated of any wrongdoing" when the case was dismissed pursuant to Rule 41(b).

On March 16, 2011, the Court ordered Mr. Gutierrez to submit a declaration under penalty of perjury asserting his request of reasonable attorneys' fees. On March 18, 2010, Mr. Gutierrez submitted invoices generated by C & C for legal services rendered and costs incurred from August 2002 through March 2, 2011. On March 30, 2011, he submitted invoices generated by LAP for legal services and costs incurred from November 25, 2005, through March 3, 2011. The Government filed its Opposition on April 13, 2011.

## DISCUSSION

Mr. Gutierrez moves this Court for an order awarding reasonable attorneys' fees pursuant to 5 G.C.A. §7111 and seeks to receive reimbursement of attorneys' fees expended in defending

against a Proper Spending Act lawsuit. Mr. Gutierrez seeks $37,471.03 in attorneys' fees (LAP: $24,061.25; C & C: $11,450.00) and $1,959.78 in costs (LAP: $1,437.30; C & C: $522.48).

This jurisdiction follows the American Rule. *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. "Under the American Rule parties bear their own litigation expenses, including attorneys' fees." *Id.* The American rule has three general exceptions, which allow attorney's fees where they are "(1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances." *Id.* at ¶ 7 (citing *Young v. Redman*, 55 Cal.App.3d 827, 835 (Cal. Ct. App. 1976)). Under Rule 1.5(a) of the Guam Rules of Professional Conduct, "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." Guam R. Prof'l Conduct 1.5(a).

Mr. Gutierrez cites 5 GCA §7111 as the basis for his request. Section 7111 reads:

> The Attorney General's Office or the legal counsel for the government of Guam entity for whom an individual defendant works may represent individual defendants in any action brought under this Chapter. In the event that individual defendants who are officers, agents, contractors, or employees of the government of Guam have private counsel, and are later exonerated of any wrongdoing, then, and in that event, the government of Guam, or the financially autonomous government of Guam entity for which the officer or employee works, shall reimburse the defendants for their legal fees.

5 GCA §7111 (2011). The court agrees that he is entitled to reasonable attorney's fees under the foregoing statute, since he prevailed in this case and was "exonerated of any wrongdoing" after the case was dismissed pursuant to Rule 41(b). Therefore, the remaining issue is whether $37,471.03 is reasonable.

The United States Supreme Court has held that an award of attorneys' fees should include time "reasonably expended" on the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Time is not reasonably expended when cases are "overstaffed. . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 435 (internal citation omitted). Time is also not "reasonably expended" when work is not "useful and of a type ordinarily necessary" to ensure the final result in the litigation. *Webb v. Bd. of Educ. of Dyer County,* 471 U.S. 234, 235 (1985). "Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." *Hensley,* 461 U.S. at 435 (citation omitted). Finally, courts may reduce an award, if the fee applicant has not met their burden. *Hensley,* 461 U.S. at 433. "The party seeking an award of fees should submit adequate explanation supporting the hours worked and rates claimed." *Id.* After thorough review, the Court either disallows or reduces the following fees.

**A.     Disqualification**

The Government objects to the LAP's fee request relating to the Motion to Disqualify Judge Unpingco. A prevailing party "is entitled to compensation for time reasonably expended on the litigation." *Id.* at 435. Time expended on the litigation is considered reasonable if it is "useful and of a type ordinarily necessary" to secure a successful outcome. *Webb,* 471 U.S. at 243. The Government makes several objections to the fees relating to the disqualification. But essentially the Government argues that these fees should be eliminated altogether. Opposition at 4. The Government argues that Mr. Gutierrez sought to obtain exoneration from charges of violating the Enforcement of Proper Government Spending Act. *Id.* The Government contends that efforts to disqualify Judge Unpingco rested on a personal conflict between the Judge and LAP, which did not deal with the exoneration. *Id.* at 5-8. The Government notes that the conflict arose prior to the firm's involvement in the underlying case and was based on LAP's representation of Judge Unpingco's wife. *Id.* at 8. Accordingly, the Government argues that it

would be unreasonable to expect the client to bear the costs of obtaining the disqualification, as the motion was meant to benefit LAP. *Id.*

The Court concludes that for the period from December 5, 2005, to September 14, 2006, LAP included in its applications 100.75 hours, amounting to $15,518.75 in fees spent on the efforts described above to disqualify the trial judge. The efforts to disqualify the trial judge bore no relation to the dismissal of the case against Mr. Gutierrez, was sought three years before the successful motion to dismiss, and was not necessary to secure the final result of the litigation. Therefore, the following 100.75 hours and $15,518.75 in fees are disallowed. LAP's attorneys include: Anthony C. Perez (ACP), David J. Lujan (DJL), Delia S. Lujan (DSL), Peter C. Perez (PCP), and Peter J. Sablan (PJS). C & C's attorneys include: Jeffrey A. Cook (JAC), F. Randall Cunliffe (FRC), and Richard Parker Arens (RPA).

| DATE | ATTY. | RATE | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|------|-------|------|-----------------|----------------|------|
| 12/05/05 | DJL | 275/hour | .75 hour | 206.25 | Review JAC's letter regarding disqualification of Judge Unpingco; Teleconference with FRC regarding strategy to disqualify; Conference with ACP regarding motion. |
| | ACP | 150/hour | .50 hour | 75.00 | Conference w/DJL regarding motion to file and basis of motion |
| 12/06/05 | ACP | 150/hour | 2.50 hours | 375.00 | Draft and research recusal motion. |
| 12/07/05 | DJL | 275/hour | 1 hour | 275.00 | Conference w/ACP regarding motion to disqualify; Review and revise same. |
| | ACP | 150/hour | 5 hours | 750.00 | Draft and finalize motion; Meeting w/DJL. |
| 12/27/05 | DJL | 275/hour | .50 hour | 137.50 | Calls & meetings w/ACP & DSL regarding decision & order dismissing Mr. Gutierrez's motion to disqualify Judge Unpingco. |
| | DSL | 150/hour | 4 hours | 600.00 | Review decision & order dismissing Mr. Gutierrez's motion to disqualify Judge Unpingco; Calls & meetings w/ACP and DJL regarding same; Legal research regarding writs. |

*Akimoto v. Gutierrez, et al.*
Decision & Order
Civil Case No. 1011-02        Page 6 of 17

| Date | Attorney | Rate | Time | Amount | Description |
|------|----------|------|------|--------|-------------|
| 12/28/05 | ACP | 150/hour | .50 hour | 75.00 | Meeting w/DSL. |
| | DSL | 150/hour | 1 hour | 150.00 | Legal research regarding verifying objections; Draft erratum and corrected/verified motion; Meeting w/ACP regarding same. |
| 12/29/05 | ACP | 150/hour | .25 hour | 37.50 | Review and execute documents (motion unverified so corrected mistake). |
| 1/16/06 | ACP | 150/hour | .75 hour | 112.50 | Review decision; Meeting w/DSL. |
| | DSL | 150/hour | 5 hours | 750.00 | Research regarding procedure on petitioning for writ of mandamus and disqualification of Judge. |
| 1/17/06 | ACP | 150/hour | .50 hour | 75.00 | Meeting w/FRC, DSL, and PCP. |
| | PCP | 225/hour | .25 hour | 56.25 | Follow up on writ issue. |
| | DSL | 150/hour | 4 hours | 600.00 | Research regarding writ and disqualification procedures. |
| 1/20/06 | DSL | 150/hour | 3.50 hours | 525.00 | Review research regarding writ and disqualification procedure. |
| 1/23/06 | DSL | 150/hour | 5 hours | 750.00 | Draft new motion to disqualify. |
| 1/24/06 | DSL | 150/hour | 4 hours | 600.00 | Draft new motion to disqualify. |
| 1/25/06 | DSL | 150/hour | 4 hours | 600.00 | Draft new motion to disqualify. |
| 1/26/06 | DSL | 150/hour | 5 hours | 750.00 | Draft new motion to disqualify. |
| 1/27/06 | DSL | 150/hour | 1 hour | 150.00 | Draft declaration of counsel in support of new motion to disqualify. |
| 1/30/06 | DSL | 150/hour | 2 hours | 300.00 | Draft new motion to disqualify. |
| 1/31/06 | DJL | 150/hour | .50 hour | 75.00 | Review draft of motion to disqualify Judge Unpingco; Teleconference w/defendant regarding same.[1] |
| | DSL | 150/hour | 4 hours | 600.00 | Draft new motion to disqualify. |
| 2/01/06 | DJL | 275/hour | .25 hour | 68.75 | Teleconference w/defendant regarding motion to disqualify judge. |
| | DSL | 150/hour | 2 hours | 300.00 | Revise motion to disqualify. |
| 2/20/06 | DSL | 150/hour | 2.50 hours | 375.00 | Draft writ of mandamus petition. |
| 2/22/06 | DSL | 150/hour | .50 hour | 75.00 | Review Judge Unpingco's decision and order regarding motion to disqualify; Conference w/ACP. |
| 2/28/06 | DSL | 150/hour | 2 hours | 300.00 | Revise petition writ and memo; Meeting w/ACP. |
| 3/01/06 | DSL | 150/hour | .75 hour | 112.50 | Revise Petition for Writ of Alternative mandamus and Memorandum of Points and Authorities. |
| 3/06/06 | PCP | 225/hour | .50 hour | 112.50 | Multiple conferences w/ACP and DSL regarding writ. |

---

[1] The Court presumes LAP made a clerical mistake. Attorney DJL is listed as the attorney, but a rate of $150 is typically billed by LAP's junior associates.

| Date | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|
| | DSL | 150/hour | 5 hours | 750.00 | Revise Petition for Writ of Mandamus; Review other petitions for writs; Teleconference w/DJL; Teleconference w/FRC; Meeting w/ACP; Meeting w/PCP; Draft certificates required by Supreme Court rules of appellate procedure. |
| 6/28/06 | DSL | 150/hour | 1.50 hours | 225.00 | Draft writ of prohibition. |
| 7/18/06 | DSL | 150/hour | 1.50 hours | 225.00 | Draft petition for writ of prohibition; Review file. |
| 7/19/06 | DSL | 150/hour | 7.25 hours | 1,087.50 | Draft petition for writ and/or writ of mandamus; Legal research regarding same; Meetings with ACP regarding same. |
| 7/23/06 | DSL | 150/hour | 2.50 hours | 375.00 | Draft petition for writ of prohibition and/or writ of mandamus; Legal research regarding same. |
| 7/24/06 | DSL | 150/hour | 3.75 hours | 562.50 | Draft petition for writ of prohibition and/or writ of mandamus/ |
| 7/25/06 | DSL | 150/hour | 4 hours | 600.00 | Draft petition for writ of prohibition and/or writ of mandamus. |
| 7/26/06 | PCP | 225/hour | .50 hour | 112.50 | Review and revise writ; Conference w/DSL. |
| | DSL | 150/hour | 3.50 hours | 525.00 | Draft petition for writ of prohibition and/or writ of mandamus and authorities; Legal research regarding same; Conference w/PCP. |
| 7/27/06 | DSL | 150/hour | 6.50 hours | 975.00 | Draft petition for writ of prohibition and/or writ of mandamus; Legal research regarding same. |
| 7/28/06 | DSL | 150/hour | .50 hour | 75.00 | Attend further proceedings hearing; Meeting w/FRC regarding same; Meeting w/DJL regarding same; Follow up on writ petition; Review Supreme Court rules regarding same.[2] |
| | PJS | 150/hour | .25 hour | 37.50 | Conference w/DSL regarding writ and strategy. |

[2] FRC also billed for attending the further proceeding. The minutes reveal that FRC appeared at the further proceedings, and although this entry is disallowed under the disqualification, the Court disallows the "further proceedings hearing" due to duplication. There is no record that any other attorney was present.

*Akimoto v. Gutierrez, et al.*
Decision & Order
Civil Case No. 1011-02                    Page 8 of 17

C & C also expended time on the disqualification of Judge Unpingco. Therefore, the Court disallows .75 hours and $150 in fees.

| DATE | ATTY. | RATE | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|------|-------|------|-----------------|----------------|------|
| 12/01/05 | JAC | 200/hour | .25 hour | 50.00 | Letter to Peter Perez re: disqualification of Judge Unpingco. |
| 12/05/05 | FRC | 200/hour | .25 hour | 50.00 | Review file; Phone conference w/DJL. |
| 12/08/05 | FRC | 200/hour | .25 hour | 50.00 | Review motion to disqualify. |

## B.    Duplicate/Excessive Billing

The Government objects to LAP's billing practice of double-billing or grouping events together (e.g. court hearings and phone calls). Opposition at 7. In *Santos*, however, the court identified this as block-billing and explained that it occurs when tasks are grouped in a single block. *Santos v. Camacho*, 04-00006, 04-00038, 04-00049, 2008 WL 8602098, at *39 (D. Ct. Guam April 23, 2008). The court noted that "in several of the billing entries there was enough detail provided to indicate that the tasks contained in the block billings of three or more hours generally are related, such that failure to segregate tasks [was] not fatal." *Id.*

The Court has not generated a category for "block-billed" fees, since most of LAP and C & C's entries are sufficiently detailed for the Court to determine reasonableness. Therefore, although this Court does not disallow fees based on block-billing, it will utilize other categories to evaluate the reasonableness of fees.

### 1.    Duplication: Intra-office Conferences

Courts should reduce hours for time not reasonably expended, such as when cases are overstaffed or when hours are duplicated. *Hensley*, 461 U.S. at 434. "The general rule is that two professionals cannot bill for attending the same meeting. Thus when a party's counsel meet with one [an]other, the Court deducts the duplicative time billed." *HRPT Properties Trust v.*

*Lingle*, 775 F.Supp.2d 1225, 1241 (D. Hawaii 2011) (internal citations omitted); *Robinson v. Plourde* 717 F.Supp.2d 1092, 1099 (D. Hawaii 2010); *In re Mullins*, 84 F.3d 459, 467 (D.C. Cir. 1996) ("[T]o avoid reimbursement for duplication of effort, [courts] will deduct the fees incurred by the two lowest-billing attorneys."). Courts, however, have discretion to allow duplicate billing if such fees are sufficiently supported. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) (A party's "failure to provide a persuasive justification for the intra-office meetings, the district court did not err in finding the intra-office conferences to be unnecessary and duplicative.").

The Court concludes that there are entries involving overstaffing and disallows 2.1 hours and $341.25 in fees. DJL billed a rate higher than any other LAP attorney, and since he attended the following intra-office conferences, the Court disallows all other requests.

| DATE | ATTY. | RATE | HRS. CLAIMED | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|---|---|---|---|---|---|---|
| 3/07/06 | DSL | 150/hour | 2 hours | 1.50 hours | 225.00 | Prepare for and attend pretrial conference; Meeting w/DJL; Meeting w/FRC.[3] |
| 5/31/06 | DSL | 150/hour | .25 hour | .25 hour | 37.50 | Conference w/DJL regarding Supreme Court Opinion regarding Disqualification of Judge Unpingco.[4] |
| 7/29/09 | PCP | 225/hour | .25 hour | .10 hour | 22.50 | Conference w/DJL; Call to FRC.[5] |
| 7/30/09 | ACP | 225/hour | .50 hour | .25 hour | 56.25 | Telephone call w/DJL and FRC.[6] |

[3] The Court allows .50 hours for attending the pretrial conference, since the record reflects that DSL appeared. However, the Court disallows DSL's request for meeting with DJL and FRC, since the Court previously allowed DJL time for this meeting.

[4] DJL billed for this conference at a higher rate. Thus, the Court disallows DSL's request.

[5] This entry is vague. It is impossible for the Court to determine whether PCP engaged in intra-office communications with DJL. Thus, since DJL billed for the same conference at a higher rate, the Court reduces PCP's request but allows time for the telephone call with FRC.

[6] This entry is also vague. It is impossible for the Court to determine whether ACP engaged in intra-office communications with DJL. Thus, since DJL billed for a previous conference at a higher rate, the Court reduces ACP's request. DJL billed for this conference at a higher rate. Thus, the Court disallows ACP's request.

C & C also engaged in intra-office conferences. The Court disallows 1 hour and $200 in fees.

| DATE | ATTY. | RATE | HRS. CLAIMED | HRS. DIALLOWED | FEE DSALLOWED | TASK |
|------|-------|------|--------------|----------------|---------------|------|
| 8/26/02 | JAC | 200/hour | 1.25 hours | 1 hour | $200 | Conference w/FRC; Legal Research.[7] |

## 2. Duplication: Court Appearances

The Government contends that hearings were overstaffed. Opposition at 7. "[T]he attendance of hearings, conferences, and depositions by multiple attorneys is duplicative with respect to the attorneys who merely attend, and do not participate. As a result, the Court would deduct the hours billed by attorneys who merely attended the foregoing." *HRPT Properties Trust v. Lingle*, 775 F.Supp.2d 1225, 1241 (D. Hawaii 2011). "When plaintiffs chose to send two or three lawyers to sit silently in court beside the lead attorney, the defendant should not be charged for that time. . . . For routine status calls, the Court will permit a claim for only the attorney who appeared." *McKenzie v. Kennickell*, 645 F.Supp. 437, 450 (D.D.C. 1986).

The Government argues that it was unreasonable for each firm to send its own attorney, or in some cases attorneys, when Attorney Cunliffe was familiar with the case. Opposition at 7. Therefore, the Court agrees and disallows 3 hours and $725 in fees from LAP's application of fees. The Court disallows .50 hours and $100 in fees from C & C's application of fees.

| DATE | ATTY. | RATE | HRS. CLAIMED | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|------|-------|------|--------------|-----------------|----------------|------|
| 12/09/05 | DJL | 275/hour | .50 hour | .50 hour | 137.50 | Attendance at further proceeding w/ACP.[8] |
| 3/07/06 | DJL | 275/hour | 1 hour | .50 hour | 137.50 | Attend pretrial conference w/DSL; |

---

[7] FRC billed for conferring with JAC. The Court will reduce JAC's entry by 1 hour.
[8] DJL billed for accompanying ACP, but the minutes reflect that it was ACP who appeared on behalf of the Defendant. The Court disallows DJL's request.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Conference w/DSL and FRC [9] |
| 6/30/09 | ACP | 225/hour | 1 hour | 1 hour | 225.00 | Review file; Attend court hearing.[10] |
| 7/16/09 | ACP | 225/hour | 1 hour | 1 hour | 225.00 | Attend Court hearing; Meeting w/FRC; Telephone call w/DJL.[11] |

| DATE | ATTY. | RATE | HRS. CLAIMED | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|---|---|---|---|---|---|---|
| 12/09/05 | FRC | 200/hour | .50 hour | .50 hour | 100.00 | Court hearing re: pretrial conference.[12] |

### 3.    Duplication: Motion to Dismiss

Courts may also conclude that hours are redundant when entries reflect double-billing or duplication of effort. *Hensley,* 461 U.S. at 434. The court has a responsibility to exclude tasks that are "excessive, redundant, or otherwise unnecessary" hours reasonably expended. *Hensley,* 461 U.S. at 434. Tasks, in some cases, qualify as duplicative when an attorney bills for merely examining work performed by co-counsel. *See Sierra Club v. U.S. E.P.A.,* 625 F.Supp.2d 863, 868 (N.D. Cal. 2007)  (holding that work is not duplicative where attorneys collaborate and coordinate efforts and do more than bill for reviewing each other's work.).

C & C was responsible for the Motion to Dismiss. The record does not reflect that the LAP took an active role in this task. Therefore, the Court disallows 1.1 hour and $203.75 in fees.

| DATE | ATTY. | RATE | HRS. CLAIMED | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|---|---|---|---|---|---|---|
| 6/17/09 | DSL | 150/hour | .50 hour | .50 hour | 75.00 | Review Opposition to Defendant's |

[9] The record reflects that FRC and DSL appeared. The Court disallows DJL's fee request for the pretrial hearing but allows .50 hours for the conference with DSL and FRC.

[10] The record reflects that FRC appeared on behalf of the motion to dismiss. The Court disallows ACP's request for both attending the hearing and reviewing the case file.

[11] FRC billed for attending this hearing re: motion to dismiss. The Court disallows ACP's request for this time and all other activities relating to the motion to dismiss on this date. FRC was the lead attorney for the motion to dismiss.

[12] FRC billed for appearing, but the minutes sheet fails to support this entry.

| | | | | | | Motion to Dismiss and Declaration in Support of Opposition to Motion to Dismiss. |
|---|---|---|---|---|---|---|
| 6/25/09 | DSL | 150/hour | .25 hour | .25 hour | 37.50 | Review response to Plaintiff's Opposition to Defendant's Motion to Dismiss for Failure to Prosecute and Declaration of FRC. |
| 7/30/09 | PCP | 225/hour | .25 hour | .10 hour | 22.50 | Call to FRC regarding dismissal; Conference with ACP regarding same.[13] |
| 7/22/10 | DJL | 275/hour | .25 hour | .25 hour | 68.75 | Teleconference w/ACP regarding Decision and Order.[14] |

C & C also engaged in unnecessary duplication of a different motion to dismiss. The Court disallows 2.2 hours and $440 in fees.

| DATE | ATTY. | RATE | HRS. CLAIMED | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|---|---|---|---|---|---|---|
| 8/26/02 | RPA | 200/hour | .50 hour | .25 hour | 50.00 | Phone conference w/Sandra Lynch (2x); Discussion w/JAC.[15] |
| 10/30/02 | RPA | 200/hour | 3.20 hours | 1.95 hours | 390.00 | Preparation for hearing; Meeting w/JAC; Meeting w/FRC; Review law and pleadings; Court hearing re: motion.[16] |

4.    **Excessive Hours Claimed**

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary. . . ." *Hensley*, 461 U.S. at 434.

---

[13] This day is replete with intra-office conferences regarding the motion to dismiss, and so the Court reduces PCP's time for conferring with ACP.
[14] It appears DSL and ACP met to discuss this issue on two previous occasions: 6/22/10 and 7/16/10.
[15] The Court reduces this instance of double-billing; FRC also billed for a phone conferences with Sandra Lynch.
[16] The Court reduces this instance of double-billing; JAC and RPA met twice on 10/30/02 to discuss the motion to dismiss.

The Government argues that LAP billed .05 hours[17] to undertake review and processing of each notice of judicial disqualification and assignment but later billed .25 hours[18] for other similar tasks. Opposition at 6. The Government contends it is unreasonable that the LAP took five times as long to perform similar tasks. *Id.* The Court agrees with the Government and finds .25 hours excessive and appropriately reduces those hours. There are also additional entries that the Court finds excessive; thus, the Court exercises its discretion to reduce those entries. The Court disallows 4.1 hours and $1,040.00 in fees.

| DATE | ATTY. | RATE | HRS. CLAIMED | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|---|---|---|---|---|---|---|
| 3/22/06 | DSL | 150/hour | .25 hour | .15 hour | 22.50 | Cause service upon parties. |
| 2/05/08 | DJL | 275/hour | 2 hours | 1 hour | 275.00 | Continued review of file; Prepare notice for further proceedings.[19] |
| 7/23/09 | DJL | 275/hour | 2.50 hours | 1.50 hours | 412.50 | Several telephone calls w/Defendant and ACP regarding status of case; Begin review of files.[20] |
| 12/23/09 | DSL | 150/hour | .25 hour | .15 hour | 22.50 | Review Disqualification Notice of PJ Alberto C. Lamorena, III. |
| 6/22/10 | ACP | 225/hour | .50 hour | .25 hour | 56.25 | Review Decision and Order; Telephone call w/DJL.[21] |
| 6/23/10 | DJL | 275/hour | 1.50 hours | .75 hour | 206.25 | Review Decision and Order; Conference w/Defendant.[22] |
| 11/09/10 | DJL | 150/hour | .25 hour | .15 hour | 22.50 | Review Notice of Recusal by Unpingco.[23] |

[17] These entries are dated as follows: 2/06/08, 3/17/08, 3/18/08, 3/27/08, and 5/09/08.
[18] These entries are dated as follows: 12/23/09, 11/09/10, and 11/19/10.
[19] DJL's entry is reduced, as he was already familiar with case.
[20] DJL's entry is reduced for two reasons: he was already familiar with the case, and it is unclear how much time or how many calls were involved.
[21] The Court allows DSL and DJL time for reviewing the decision and order, and so the Court reduces ACP's request.
[22] DSL and ACP had previously reviewed the decision and order. DJL's entry is reduced, because ACP briefed him.
[23] The Court allows time for this entry but notes that Judge Unpingco rescued himself on September 19, 2006.

| DATE | ATTY. | RATE | HRS. | FEE | | TASK |
|------|-------|------|------|-----|--|------|
| 11/19/10 | DSL | 150/hour | .25 hour | .15 hour | 22.50 | Review Notice of Judge Assignment (Bordallo).[24] |

## C. Inadequate Detail

Next, courts may reduce hours where the fee applicant has not met their burden to entitlement. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. Although immense detail is not required, "counsel should identify the general subject matter of his time expenditures." *Id.* at 437 n. 12 (citation omitted).

The Court has disallowed the following, as it is unable to determine how LAP allocated its time. The Court disallows 2.25 hours and $475.00 in fees.

| DATE | ATTY. | RATE | HRS. DISALLOWED | FEE DISALLOWED | TASK |
|------|-------|------|-----------------|----------------|------|
| 12/22/05 | ACP | 150/hour | .50 hour | 75.00 | Review documents. |
| 7/28/06 | DJL | 275/hour | .25 hour | 68.75 | Conference w/PJS and DSL.[25] |
| 1/11/06 | ACP | 150/hour | .25 hour | 37.50 | Meeting w/staff; Teleconference w/DJL.[26] |
| 7/16/09 | DJL | 275/hour | .25 hour | 68.75 | Teleconference w/ACP.[27] |
| 7/23/09 | ACP | 225/hour | 1 hour | 225.00 | Review file of Ann Cabrera Perez; Telephone calls w/DJL.[28] |

[24] The Court allows time for this entry but notes that the case was assigned to Judge Bordallo in September 2006.

[25] This entry is vague, and it is also likely that this conference involved the motion to disqualify.

[26] This entry is vague, and it is also likely that this entry deals with the motion to disqualify.

[27] This entry is vague. The Court is reluctant to allow LAP time for the motion to dismiss and is unable to ascertain whether or not this entry relates to that motion.

[28] It is unclear who Ann Cabrera Perez is and what was purpose of the telephone calls. The Court, however, will allow ACP's request of .25 hours for a teleconference with DJL.

## D. Overhead

Finally, Courts may reduce costs, which qualify as overhead. In *Santos v. Camacho*, the District Court of Guam also reviewed billing entries by EOL. *Santos v. Camacho*, (D. Ct. Guam April 23, 2008). The court excluded all requests by EOL and determined that "processing various tasks" involved secretarial duties that would ordinarily be absorbed by the firm. *Id.* at 40. In the present case, the application for fees contains 23 entries describing the task performed by either employee EOL or EL as "Process" or "Review and Process" of certain documents. Each entry is for either 3 or six minutes totaling 1 hour and 33 minutes. The fee is $50 per hour, which totals $77.50 for these tasks. LAP does not justify these entries as attorneys' fees or costs. They appear to have been performed by a clerk or messenger, items within the overhead of LAP. Therefore, the Court disallows 1 hour and 33 minutes and $77.50 in fees.

## E. Costs

LAP seeks $1,437.30 in costs. C & C seeks $522.48. Courts are inclined to award photocopying costs as long as these costs are not excessive and reasonably relate to the litigation. *Santos*, 2008 WL 8602098, at *43 (citing *In re Media Vision Tech. Serv. Sec. Litig.*, 913 F.Supp. 1362, 1368 (N.D. Cal. 1996)). In *Santos*, the District Court of Guam could not "determine whether the photocopying costs were necessary and/or reasonable." Santos 43. The court noted that "[c]ounsel provide[ed] the court with an over simplified, general summary of expenses and facsimiles (e.g. Jul-01-04 Costs for copies $57.00, facsimiles for April 2006 $4.20)." *Id.* The Court held, "This kind of supporting documentation is clearly inadequate. There is no description of the documents photocopied or the costs per page charged." *Id.* The same rule applies to online research. *Id.* *Santos* also addressed this issue and denied costs for online

research when attorneys failed to provide a description of the research performed or time allocated. *Id.*

In the present case, costs for photocopying, facsimile, long distance calling, and online research lack any detail. This Court also disallows those costs, because LAP and C & C have not provided any justification for why they were necessary. The Court, however, allows costs for filing fees and determines that those entries are sufficiently described. C & C's application for gross receipts tax is unopposed and is allowed.

The Court disallows LAP $1,367.30 in costs and disallows C & C $18.88 in costs.

## CONCLUSION

For the reasons stated herein, this Court **GRANTS** Mr. Gutierrez's request for attorneys' fees and costs as follows: LAP is awarded $5,680 in attorneys' fees and $70 in costs; C & C is awarded $10,560 in attorneys' fees and $503.60 in costs.

SO ORDERED: ____1/17/12____ .

_____
**Richard H. Benson**
**Judge Pro Tempore**
**Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JAN 17 2012

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam